# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                        No. CR 15-3658 RB

MICHAEL GIBSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Gibson's Sealed Motion for Compassionate Release, filed on February 19, 2021. (Doc. 97.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I.    Background**

On July 18, 2016, Mr. Gibson pled guilty to an Indictment charging distribution of 5 grams and more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B, and 18 U.S.C. § 2.[1] (*See* Docs. 46; 70.) The Court sentenced Mr. Gibson to 90 months imprisonment on November 21, 2016. (Doc. 86.) Mr. Gibson has served approximately 57 months of his sentence, and with goodtime credits, he has served approximately 69 months. (*See* Doc. 97 at 2.) His anticipated release date is January 4, 2023. *See* Federal Bureau of Prisons, www.bop.gov/inmateloc/.

Mr. Gibson, who is housed at FCI Big Spring (Doc. 97 at 2) now moves the Court under 18 U.S.C. § 3582(c)(1)(A)(i) to grant him compassionate release due to the COVID-19 pandemic.

---

[1] A second count, for using, carrying, and brandishing a firearm in furtherance of such crime under 18 U.S.C. § 924(c), was dropped pursuant to Mr. Gibson's plea agreement. (*See* Docs. 46; 73; 98 at 1–2.)

**II.     Discussion**

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Gibson filed a request for compassionate release with the warden of FCI Big Spring on December 5, 2020. (*See* Doc. 97-A.) The warden denied his request on January 14, 2021. (*See* Doc. 97-B.) Under these circumstances, the Government concedes that Mr. Gibson has exhausted his administrative remedies for purposes of this Opinion. (*See* Doc. 98 at 3.)

Mr. Gibson seeks compassionate release pursuant to § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)–(D). Mr. Gibson brings his motion under § (1)(D), other reasons. (Doc. 97 at 10–13.)

Mr. Gibson asserts that "extraordinary and compelling" circumstances exist due to the unprecedented COVID-19 pandemic. (*Id.* at 2–3.) He argues that as a black individual with sickle cell trait, he is vulnerable to COVID-19. (*See id.*) He also argues that he is at risk of severe illness

2

because he previously had COVID-19. (*See id.* at 3; *see also* Doc. 97-C.) The United States argues that the conditions Mr. Gibson cites (his race, sickle cell trait,[2] and previous COVID-19 diagnosis) do not place him "at a higher risk of serious complications from COVID-19. (Doc. 98 at 5 (citing *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021)).) The Court agrees that under current CDC guidelines, Mr. Gibson has not been diagnosed with an underlying medical condition that would put him at an increased risk of severe illness from COVID-19.

There is also record evidence to show that Mr. Gibson had a confirmed case of COVID-19 in September 2020. (*See* Doc. 98-1 at 17, 22.) He was asymptomatic. (*Id.* at 22.) The Court is sympathetic to Mr. Gibson's concerns about new variants of the coronavirus (*see* Doc. 99 at 2–3), but there is no indication that Mr. Gibson had any lingering effects from his COVID-19 diagnosis, thereby "mitigating his concern that he would develop severe complications if infected with the virus." *See United States v. Hollins*, No. 15-20100-JAR, 2021 WL 103017, at *2 (D. Kan. Jan. 12, 2021).

Finally, the Court observes that while FCI Big Spring has clearly had its struggles with COVID-19,[3] it appears that the facility has gotten the pandemic under control for the moment and currently has no positive inmate cases. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 1, 2021). In short, the Court declines to find

---

[2] As the Government points out, Mr. Gibson acknowledges that he has sickle cell *trait*, not sickle cell *disease*. (Docs. 98 at 5 n.3; 97 at 3–4.) The CDC states that "[h]aving hemoglobin blood disorders like sickle cell disease . . . can make you more likely to get severely ill from COVID-19." *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The CDC does not include sickle cell *trait* in this statement. Mr. Gibson does not respond to this argument. (*See* Doc. 99.)

[3] The BOP website reflects that 735 inmates and 11 staff members have recovered from COVID-19 at FCI Big Spring. *See* COVID-19 Coronavirus, https://www.bop.gov/coronavirus/.

that Mr. Gibson has demonstrated extraordinary and compelling circumstances that warrant compassionate release.

Because the Court does not find extraordinary and compelling circumstances exist, it need not consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

The undersigned encourages Mr. Gibson to take advantage of all opportunities for counseling, educational programming, and work to improve his chances at a successful transition.

**THEREFORE,**

**IT IS ORDERED** that Mr. Gibson's Sealed Motion for Compassionate Release (Doc. 97) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE